**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

SAUN-JAY S. MCINTOSH,                                    CASE NO: 9:24cv80853

      Plaintiff,

      vs.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC. and
CAVANAGH FAMILY BUSINESS, INC. fka
PETRIS PEST CONTROL SERVICES, INC. and
VOSS & KLEIN, LLC.

      Defendants.

_____/

**PLAINTIFF'S COMPLAINT**
**JURY DEMAND**

1.      Plaintiff, Saun-Jay S. Mcintosh ("Plaintiff" or "Mr. McIntosh") brings this action

against TransUnion, LLC ("Trans Union"), Experian Information Solutions, LLC ("Experian"),

Equifax Information Services, LLC ("Equifax"), Cavanaugh Family Business, Inc. f/k/a Petris Pest

Control Services, Inc. ("Cavanaugh"), and Voss & Klein, LLC ("V&K") for violations of the Fair

Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises

under the laws of the United States.

3.      Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the

events giving rise to the claim occurred in Palm Beach County, Florida.

**PARTIES**

4.      Plaintiff is a natural person who, at all times relevant to this action is and was a

resident of Broward County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.      Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6.      Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

7.      Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

8.      Trans Union, Experian, and Equifax shall collectively be referred to as Credit Reporting Agencies ("the CRAs.")

9.      Defendant, Cavanaugh, is a Florida Corporation and a furnisher of information to the CRA's as defined under the FCRA.

10.     Defendant, V&K, is a Florida Corporation and a furnisher of information to the CRA's as defined under the FCRA.

## FACTUAL ALLEGATIONS

11.     Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:
>
> > i.      credit or insurance to be used primarily for personal, family, or household purposes;
> >
> > ii.     employment purposes; or
> >
> > iii.    any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

12.     The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

13.     The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRA may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

14.     To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian (the three major "National CRAs"), along with Innovis Data Solutions, Inc., developed and implemented a browser- based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

15.     The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/ (last accessed April 2, 2022).

16.     The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. *Id.*

17.     The National CRAs, provide notice of a consumer's dispute to data furnishers in the ACDV format, and forward the ACDV to the furnisher through e- OSCAR.

18.     If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 1681s-2(b)(1)(D).

19.     The e-OSCAR system facilitates the furnisher's compliance with 15 U.S.C. § 1681s-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. See https://www.e-oscar.org/getting-started/about-us  (last accessed April 2, 2022).

20.     Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

21.     Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and states that e-OSCAR is "in compliance with FCRA and Metro 2 standards." See, https://www.transunion.com/data-reporting/support-teams  (last accessed April 2, 2022).

22.      In August of 2023, Mr. McIntosh reviewed his credit reports and discovered a collection account reported by Defendant, V&K for an alleged debt owed to Petris Pest Control Services, Inc. in the amount of 1,386.10.

23.      Mr. McIntosh believed that while he did owe Cavanaugh some money, he did not owe the amount claimed on his credit files.

24.      At that time, Mr. McIntosh contacted the undersigned's office to assist him in disputing and resolving this erroneous account from his files. Mr. McIntosh retained the undersigned and made payment for the services requested.

25.      The undersigned assisted Mr. McIntosh in disputing the erroneous account and also communicated with Defendant, Cavanaugh through it's representatives at V&K to resolve the underlying debt.

26.      The communications resulted in a settlement agreement that stipulated that in exchange for a complete deletion of the tradeline associated with the debt, Mr. McIntosh would make payment of $480.00 on or before September 21, 2023.

27.      Mr. McIntosh completed his part of the agreement by making payment of $480.00 to V&K on September 20, 2023.

28.      Mr. McIntosh continuously checked his credit report and noted that on or about February or March the account balance had changed to zero but the account was still listed on his credit files in contravention to the agreement between the parties.

29.      At that time, the undersigned again assisted Mr. McIntosh in disputing the tradeline still being reported. The dispute which included copies of the settlement agreement and proof of Mr. McIntosh's compliance with the settlement agreement were mailed to the Defendants on or about March 4, 2024.

30.     In June of 2024, Mr. McIntosh received responses to his disputes some of which included a current copy of his credit file confirming that the tradeline for the account was still reporting to his credit file as a collection account that was disputed.

31.     The factual basis of Mr. McIntosh's disputes to the CRAs are that he paid to settle an account that was to be deleted from his credit file and that was never done.

32.     Based on updated consumer reports from the CRAs, it is believed that all Defendants continued to report the erroneous account after receiving Mr. McIntosh's Dispute.

33.     Upon receiving the Initial Disputes, the CRAs relayed that correspondence to V&K and Cavanaugh, who failed to conduct a reasonable investigation, and then furnished inaccurate information to the CRAs.

34.     The CRAs reliance on V&K and Cavanaugh has caused the erroneous information to remain on Plaintiff's credit reports when evaluating Plaintiff's credit worthiness.

35.     The dates when the Inaccurate Information were viewed are reflected as "Regular Inquiries" or "Hard Inquiries" on Plaintiff's consumer disclosures following the Dispute.

36.     One or more of the enumerated "Regular Inquiries" and/or "Hard Inquiries" have resulted in damages to Plaintiff in multiple forms, including economic and non-economic harm.

37.     Unless and until the Inaccurate Information is no longer a factor in Plaintiff being denied credit, being granted credit at increased rates, losing the opportunity to benefit from credit, or Plaintiff being forced to procure a co-signer to be granted any credit under any terms, these economic losses will continue.

### COUNT I - VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST TRANS UNION

38.     Plaintiff incorporates by reference the allegations in Paragraphs 1 -5, 8, and 11 – 37.

39.     At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

40.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

41.     During the relevant time frame, Trans Union received Plaintiff's Initial Dispute and Second Dispute regarding the accuracy or completeness of the PNC account appearing on Plaintiff's consumer disclosure.

42.     Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

43.     Additionally, Trans Union unreasonably relied on information provided by PNC, when readily verifiable information that Plaintiff provided in the Initial Dispute and Second Dispute placed Trans Union on notice that PNC's information was inaccurate and unreliable.

44.     Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

45.     Alternatively, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

46.     As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against

Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT II - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST TRANS UNION

47.     Plaintiff incorporates by reference the allegations in Paragraphs 1 -5, 8, and 11 – 37.

48.     At all times relevant hereto, TransUnion is and was a "consumer reporting agency" as provided for under the FCRA.

49.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

50.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

51.     Any users of credit reports that viewed the PNC account saw the Inaccurate Information.

52.     Even after Plaintiff's Initial Dispute and Second Dispute, the PNC account is still being reported with the Inaccurate Information.

53.     Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

54.     In the alternative, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

55.     As a result of Trans Union's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, damage to

his reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT III – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EXPERIAN FOR INITIAL DISPUTE AND SECOND DISPUTE

56.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8, and 11-37.

57.     At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

58.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

59.     During the relevant time frame, Experian received Plaintiff's Initial Dispute and regarding the accuracy of the account reported by PNC on Plaintiff's credit report.

60.     Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

61.     Experian failed to provide any reinvestigation results following Plaintiff's Initial Dispute and Plaintiff's follow-up letter requesting same..

62.     Additionally, Experian unreasonably relied on information provided by PNC and/or Home Credit, when readily verifiable information that Plaintiff provided in his dispute(s) placed Experian on notice that PNC and Home Credit's information was inaccurate.

63.     Even after Plaintiff's written dispute and follow-up, the PNC account is still being reported with the Inaccurate Information.

64.     Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

65.     In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

66.     As a result of Experian's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT IV– VIOLATIONS OF 15 U.S.C. §1681e(b)
## AGAINST EXPERIAN

67.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8, and 11-37.

68.     At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

69.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

70.     During the relevant time frame, Experian received Plaintiff's Initial Dispute and follow-up correspondence regarding the accuracy of the account reported by PNC and/or Home Credit on Plaintiff's credit report.

71.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

72.     Any users of credit reports that viewed the PNC account saw the Inaccurate Information.

73.     Even after Plaintiff's written disputes, the PNC account is still being reported with the Inaccurate Information.

74.     Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

75.     In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

76.     As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court;

Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

**COUNT V – VIOLATIONS OF 15 U.S.C. §1681i**
**AGAINST EQUIFAX**

77.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 7, 8, and 11-37.

78.     At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

79.     At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

80.     During the relevant time frame, Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by PNC and/or Home Credit on Plaintiff's credit report.

81.     Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

82.     Additionally, Equifax unreasonably relied on information provided by PNC, when readily verifiable information that Plaintiff provided in his disputes placed Equifax on notice that PNC and Home Credit's information was inaccurate.

83.     Even after Plaintiff's written dispute(s) the PNC account is still being reported with the Inaccurate Information.

84.     Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

85.     In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

86.     As a result of Equifax's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT VI – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

87.     Plaintiff incorporates by reference his allegations in paragraphs 1 – 4, 7, 8, and 11-37.

88.     At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

89.     At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

90.     During the relevant time frame, Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by PNC and/or Home Credit on Plaintiff's credit report.

91.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

92.     Any users of credit reports that viewed the PNC account saw the Inaccurate Information.

93.     Even after Plaintiff's written dispute(s), the PNC account is still being reported with the Inaccurate Information.

94.     Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

95.     In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

96.     As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Equifax in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and Such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT VII AS TO CAVANAUGH'S
## VIOLATION OF 15 U.S.C. §1681s-2(b)

97.     Plaintiff incorporates by reference his allegations in paragraphs 1 – 4, 9, and 11-37.

98.     Cavanaugh violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify its representation within Plaintiff's credit files with Equifax, Experian, and Transunion; by failing to fully and properly investigate the Plaintiff's dispute of its representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation

to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its representations to the consumer reporting agencies.

99.     As a result of this conduct, action and inaction of Cavanaugh, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

100.     Cavanaugh's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

101.     Plaintiffs are entitled to recover costs and attorney's fees from Cavanaugh in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

102.     WHEREFORE, Plaintiff demands judgment be entered in his favor and against Cavanaugh for the following:

        a)     Actual damages in an amount to be proved at trial;

        b)     Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

        c)     Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

        d)     Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

        e)     Such other and further relief as this Court deems just and proper.

### COUNT VIII AS TO V&K'S VIOLATION OF 15 U.S.C. §1681s-2(b)

103.     Plaintiff incorporates by reference his allegations in paragraphs 1 – 4 and 10-37.

104.     V&K violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify Cavanaugh's representation within Plaintiff's credit files with Equifax, Experian, and Transunion by failing to fully and properly investigate the Plaintiff's dispute of the V&K

representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Cavanaugh representations to the consumer reporting agencies.

105.    As a result of this conduct, action and inaction of V&K, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

106.    V&K's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

107.    Plaintiff is entitled to recover costs and attorney's fees from V&K in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against V&K for the following:

a)    Actual damages in an amount to be proved at trial;

b)    Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c)    Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d)    Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

Such other and further relief as this Court deems just and proper.

**COUNT IX AS TO CAVANAUGH'S VIOLATION OF FLA. STAT. §559.72(9)**

108.    Plaintiff incorporates by reference his allegations in paragraphs 1 – 4, 9, and 11-37.

109.    Cavanaugh attempted to collect a debt that it knew was not legitimate in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

**COUNT X AS TO V&K's FINANCIAL'S VIOLATION OF FLA. STAT. §559.72(9)**

110.    Plaintiff incorporates by reference his allegations in paragraphs 1 – 4, 10-37.

111.    V&K attempted to collect a debt that it knew was not legitimate in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

**JURY DEMAND**

110.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Joel D. Lucoff, Esq.*
Fla. Bar. No. 192163
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
joel@debtshieldlaw.com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorney for Plaintiff*